**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Julian J. Pardini, Esq. SB# 133878
   Email: pardini@lbbs.aw.com
Stephen J. Liberatore, Esq. SB# 129772
   Email: liberatore@lbbslaw.com
One Sansome Street, Suite 1400
San Francisco, California 94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882

Attorneys for Defendant
NATIONWIDE MUTUAL INSURANCE COMPANY,
erroneously sued herein as "AMCO INSURANCE COMPANY"

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CV 10 3122

| | |
|---|---|
| SWI-CO CONSTRUCTION, INC., a California Corporation, SWI-CO CONSTRUCTION, a California partnership and JOE SWICEGOOD,<br><br>Plaintiffs,<br><br>v.<br><br>AMCO INSURANCE COMPANY, and DOES 1-20, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441(b) (DIVERSITY) AND JURY DEMAND**<br><br>Complaint Filed: June 21, 2010 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT Defendant NATIONWIDE MUTUAL INSURANCE COMPANY, referred to hereinafter as "Nationwide," and sued erroneously herein as "AMCO INSURANCE COMPANY," by and through its undersigned attorney of record, hereby removes to this Court the State Court action described below.

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction of this action under 28 U.S.C. §1332, and is one which may be removed to the Northern District of California by Nationwide pursuant to the provisions of 28 U.S.C. §1441(b), in that it is a civil action between citizens or subjects of a foreign state and a citizen of a different state, and the amount in controversy as alleged in the complaint exceeds the sum of $75,000, exclusive of interest and costs.

2. Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1391(b) and (c), because Plaintiff is subject to personal jurisdiction in this judicial district and a substantial part of the events giving rise to this lawsuit occurred in this division of the Northern District of California.

## GROUNDS FOR REMOVAL

3. On June 21, 2010, Plaintiffs SWI-CO CONSTRUCTION, INC., a California corporation, SWI-CO CONSTRUCTION, a California partnership, and JOE SWICEGOOD, an individual, collectively referred to hereinafter as "Plaintiffs," by and through their attorneys of record, The McLennon Law Corporation, commenced a civil action in the Superior Court of the State of California for the County of Sonoma against Nationwide, erroneously designating the named defendant as "AMCO Insurance Company," entitled *SWI-CO CONSTRUCTION, INC., et al. v. AMCO INSURANCE COMPANY and DOES 1-20,* Sonoma County Superior Court Case No. SCV 247609. A true and correct copy of the Complaint is attached as Exhibit A.

4. On or about June 23, 2010, CT Corporation System, agent for service of process for Nationwide, was served with the Summons and Complaint and accepted same despite the erroneous designation of AMCO as the named defendant. Thus, the time limit for removal set forth in 28 U.S.C. §1446(b) has been satisfied.

5. On July 14, 2010, Nationwide filed its Amended Answer to Plaintiffs' Complaint. A true and correct copy of the Amended Answer is attached as Exhibit B.

6. The basis for removal is that Plaintiffs are citizens and residents of the State of California, while Nationwide is a corporation organized and existing under the laws of the State of Ohio, in the United States of America, with its principal place of business in Columbus, Ohio. (Nationwide notes that AMCO is a corporation organized and existing under the laws of the State of Iowa, in the United States of America, with its principal place of business in Des Moines, Iowa.) This Court therefore has original jurisdiction of this action under 28 U.S.C. §1332 in that Nationwide is a citizen or subject of a foreign state and Plaintiffs are citizens of the State of California.

7. Plaintiffs' Complaint alleges that they are entitled to recover a jury verdict in an

LEWIS BRISBOIS BISGAARD & SMITH LLP
Julian J. Pardini, Esq. SB# 133878
   Email: pardini@lbbslaw.com
Stephen J. Liberatore, Esq. SB# 129772
   Email: liberatore@lbbslaw.com
One Sansome Street, Suite 1400
San Francisco, California 94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882

ENDORSED FILED

JUL 15 2010

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

Attorneys for Defendant
NATIONWIDE MUTUAL INSURANCE COMPANY,
erroneously sued herein as "AMCO INSURANCE COMPANY"

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SONOMA

**File By Fax**

| | |
|---|---|
| SWI-CO CONSTRUCTION, INC., a California Corporation, SWI-CO CONSTRUCTION, a California partnership and JOE SWICEGOOD, <br><br>Plaintiffs, <br><br>v. <br><br>AMCO INSURANCE COMPANY, and DOES 1 to 20, inclusive, <br><br>Defendants. | CASE NO. SCV 247609 <br><br> AMENDED ANSWER OF DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY, erroneously sued herein as "AMCO INSURANCE COMPANY," TO PLAINTIFFS' UNVERIFIED COMPLAINT <br><br> Complaint Filed: June 21, 2010 |

COMES NOW Defendant NATIONWIDE MUTUAL INSURANCE COMPANY, referred to hereinafter as "Nationwide", sued erroneously as "AMCO INSURANCE COMPANY," and answers the unverified complaint of Plaintiffs SWI-CO CONSTRUCTION, INC., a California Corporation, SWI-CO CONSTRUCTION, a California partnership, and JOE SWICEGOOD, an individual, collectively referred to hereinafter as "Plaintiffs," as follows:

### GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), Nationwide denies each and every allegation of Plaintiffs' Complaint, all and singular, generally and specifically, and each part thereof, and in this connection, Nationwide further denies that Plaintiffs have been damaged in the sums therein set forth, or in any other sum, or otherwise, or at all, by reason of any alleged carelessness, negligence, or any act or omission of Nationwide.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint and each cause of action contained therein fails to set forth facts sufficient to constitute a cause of action against Nationwide.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs acted unreasonably in the prosecution of the insurance claim referred to in their Complaint.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery pursuant to the terms, conditions, and exclusions, including those implied by law or statute, of Nationwide insurance policy number ACP GLO 7880041365 ("the Nationwide Policy").

### FOURTH AFFIRMATIVE DEFENSE

Nationwide alleges that, having fully satisfied its contractual obligations under the terms of the Nationwide Policy, it has no further obligation at law or in equity, contractually or extra-contractually, to Plaintiffs for any injury or damages arising from their alleged loss, whether proximately or remotely.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint and each cause of action contained therein is barred because coverage for the claimed loss is precluded, in whole or in part, by the terms, conditions, provisions and exclusions contained in the Nationwide Policy.

### SIXTH AFFIRMATIVE DEFENSE

Nationwide has no duty to defendant or indemnify, or to extend any benefits, pursuant to the Nationwide Policy, for the loss of Plaintiffs, as any such loss does not fall within the scope of coverage provided under the Nationwide Policy.

### SEVENTH AFFIRMATIVE DEFENSE

The acts alleged by Plaintiffs to have been committed by Nationwide were not the cause in fact or the proximate or legal cause of Plaintiffs' damages, if any.

/ / /

/ / /

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were caused by the acts and/or omissions of others, and/or by circumstances other than those resulting from Nationwide's alleged acts and/or omissions.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' loss or damages, if any, were aggravated by Plaintiffs' failure to use reasonable diligence.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs, and each of them, failed to mitigate their alleged losses and damage and therefore Nationwide's liability, if any, for such alleged losses and damages, which liability Nationwide expressly denies, must be reduced accordingly.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs, and each of them, and/or others were responsible for, and the proximate cause of, the injuries and damages alleged in Plaintiffs' Complaint, and Nationwide's alleged negligence and/or other alleged misconduct, if any, which alleged negligence and/or other alleged misconduct Nationwide expressly denies, must be apportioned as to the fault of Plaintiffs, and each of them, and said others.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint and each cause of action contained therein is barred by one or more applicable statutes of limitation, including but not limited to, California Code of Civil Procedure Sections 337, 338, 339, and 340.

### THIRTEENTH AFFIRMATIVE DEFENSE

By virtue of their own acts and conduct, Plaintiffs have, and each of them has, waived the right to or is estopped to assert the causes of action against Nationwide as asserted in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

By virtue of their own acts and conduct, Plaintiffs have, and each of them has, waived the right to or is estopped to assert that Nationwide has any further obligation to provide coverage under the Nationwide Policy for Plaintiffs' claimed losses and/or damage.

///

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs breached terms and conditions of the Nationwide Policy, which breach caused and/or contributed to their alleged damages, if any. Therefore, any recovery to which they may be entitled from Nationwide, which entitlement Nationwide expressly denies, must be reduced accordingly.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint and each cause of action contained therein is barred by the equitable doctrine of unclean hands.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint and each cause of action contained therein is barred by the equitable doctrine of waiver.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Nationwide at all times material to Plaintiffs' Complaint acted reasonably, in good faith and with reasonable reliance on the facts and circumstances as known to Nationwide and in full compliance with its duties and obligations to Plaintiffs, whether arising from the Nationwide Policy, by law, in equity, or otherwise.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint and each cause of action contained therein is barred by the equitable doctrine of laches.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint and each cause of action contained therein is barred by the equitable doctrine of accord and satisfaction.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint does not allege facts sufficient to support a claim for an award of pre-judgment interest.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Nationwide alleges that if any loss or damage is deemed to be covered under the Nationwide Policy, and is also covered, in whole or in part, under any other insurance policy policies, the limits

of liability of applicable insurance shall, in accordance with applicable terms, be reduced by, or be in excess of, any amount due to Plaintiffs on account of such loss under such other insurance.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiffs' damages, if any there were, have been paid or otherwise satisfied by reason of Plaintiffs' claims made or lawsuits filed or other legal actions taken against other persons or parties, Nationwide is entitled to a credit or offset in the amount of any benefits paid or settlement or award or judgment Plaintiffs obtained.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint does not allege facts sufficient to support a cause of action for breach of the implied covenant of good faith and fair dealing by Nationwide and, therefore, Plaintiffs are not, and each of them is not, entitled to recover damages for any such breach.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Nationwide alleges that an actual controversy has arisen and now exists between Plaintiffs, and each of them, on the one hand, and Nationwide, on the other hand, relating to the rights and duties of the parties hereto under the Nationwide Policy. Nationwide seeks judgment from the above-entitled Court declaring the parties' respective rights and duties under the Nationwide Policy.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Nationwide reserves the right to allege any and all affirmative defenses against any individuals or entities over whom the Court takes jurisdiction, including but not limited to any individual(s) who, or entity or entities that, become parties to this action.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have, and each of them has, failed to set out their claims with sufficient particularity to permit Nationwide to raise all appropriate defenses and, therefore, Nationwide reserves its right to amend and/or supplement this answer with additional affirmative defenses.

### PRAYER FOR RELIEF

WHEREFORE, Nationwide prays for judgment against the Plaintiffs as follows:

1. That Plaintiffs, and each of them, take nothing by reason of their Complaint;
2. That the Court determine the parties' respective rights and duties under the

Nationwide Policy;

3. That judgment be entered in favor of Nationwide and against Plaintiffs, and each of them, as to each cause of action contained in the Complaint;

4. For Nationwide's costs of suit herein incurred; and,

5. For such other and further relief as the Court deems just and proper.

DATED: July 14, 2010          LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____
Julian J. Pardini
Stephen J. Liberatore
Attorneys for Defendant
Nationwide Mutual Insurance Company,
erroneously sued herein as "AMCO Insurance Company"

**CALIFORNIA STATE COURT PROOF OF SERVICE**
SWI-CO vs AMCO INSURANCE - File No. 26198-298

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is One Sansome Street, Suite 1400, San Francisco, California 94104.

On July 16, 2010, I served the following document(s):

CIVIL COVER SHEET; NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441(b) (DIVERSITY) AND JURY DEMAND; AMENDED ANSWER OF DEFENDANT NATIONAL MUTUAL INSURANCE COMPANY, erroneously sued herein as "AMCO INSURANCE COMPANY, " TO PLAINTIFFS' UNVERIFIED COMPLAINT

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

DANIEL F. MCLENNON, ESQ.
MARC L. SHERMAN, ESQ.
MCLENNON LAW CORPORATION
550 California Street
Sacramento Tower
Suite 700
San Francisco, California 94104

The documents were served by the following means:

[X]  (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and (specify one):

[ ]  Deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

[X]  Placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope of package with the postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 16, 2010, at San Francisco, California.

_____
Michelle F. Capp

LEWIS BRISBOIS BISGAARD & SMITH LLP

4820-3817-7798.1

undetermined amount, but includes prayers for general damages, special damages, exemplary damages, attorney fees, prejudgment interest, and costs. It is well established that exemplary or punitive damages are part of the amount in controversy in a civil action. See, e.g., *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Thus, Nationwide believes in good faith that the amount in controversy substantially exceeds $75,000, as required for removal pursuant to 49 U.S.C. §11706.

## DEMAND FOR JURY TRIAL

8. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Nationwide hereby demands a trial by jury.

WHEREFORE, Nationwide prays that this action be removed to this Court.

Dated: July 15, 2010

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____
Julian J. Pardini
Stephen Liberatore
Attorneys for Defendant
Nationwide Mutual Insurance Company,
erroneously sued herein as "AMCO Insurance Company"